FREEDMAN AND LORRY, P.C.
BY: SUSAN A. MURRAY, ESQUIRE
(SM-7713)
1601 Market Street, 15th Floor
Philadelphia, PA 19103
(215) 931-2506
Attorneys for Plaintiffs

---

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ITPEU PENSION FUND, by and through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JERRY BOWDEN<br>216 North Ave. East, 2nd Fl.<br>Cranford, NJ 07016<br><br>and<br><br>ITPEU HEALTH AND WELFARE FUND, by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and HAROLD GELBER<br>24 Oglethorpe Professional Building Blvd.<br>P.O.Box 13817<br>Savannah, GA 31416<br><br>and<br><br>ITPEU ANNUAL BENEFIT FUND by and Through its Board of Trustees, Co-Chairmen DENNIS ARRINGTON and JOHN MORGAN<br>216 North Ave. East, 2nd Fl.<br>Cranford, NJ 07016<br><br>                          Plaintiffs,<br><br>          v.<br><br>PARAGON SYSTEMS, INC.<br>13655 Dulles Technology Drive, Suite 100<br>Herndon, VA 20171<br><br>                          Defendant | CIVIL ACTION |

## COMPLAINT

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under LMRA 29 U.S.C. §185(a), ERISA 29 U.S.C. § 1132 and 29 U.S.C. §1145 and the pendent jurisdiction of the Court.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

### VENUE

3. Venue lies in the United States District Court for the District of New Jersey under 29 U.S.C. §§ 185(a) or 1132(e)(2).

### PARTIES

4. Plaintiffs, ITPEU Pension Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Jerry Bowden ("Pension Fund"), ITPEU Health and Welfare Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and Harold Gelber ("Welfare Fund") and ITPEU Annual Benefit Fund by and through its Board of Trustees, Co-Chairmen Dennis Arrington and John Morgan ("Annual Fund", hereinafter collectively called the "Funds"), are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3). Dennis Arrington, Jerry Bowden, Harold Gelber and John Morgan are trustees and fiduciaries with respect to the Funds within the meaning of 29 U.S.C.§ 1002 (21). They are authorized to bring this action on behalf of all Trustees of the Funds. The Pension Fund and Annual Fund are administered in the District of New Jersey.

5. Defendant Paragon Systems, Inc. (hereinafter or "the Employer") is an employer in an industry affecting commerce with the meaning of 29 U.S.C. §§ 152 (2), (6) and (7), 1002(5), (11) and (12) with a business address as listed in the caption.

## FACTS

6. At all times relevant to this action, the Employer was a party to a Bridge Agreement with the ITPEU, AFL-CIO (singly or jointly, "Labor Contract") where it adopted all relevant portions of the collective bargaining agreements previously entered into by Alutiiq Diversified Services LLC, who previously held the GSA Central Pennsylvania contract. This Employer is also required to abide by the McNamara-O'Hara Service Contract Act of 1965. A copy of the Labor Contract signatory page is attached as Exhibit "1."

7. The Employer also signed or agreed to abide by the terms of the Declarations of Trust of the Funds as from time to time amended ("Trust Agreement") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

8. Under the Labor Contract or Trust Agreement, the Employer agreed:

(a) To make full and timely payments on a monthly basis to the Funds as required by the Labor Contract or Trust Agreement;

(b) To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract or Trust Agreement;

(c) To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Employer's records concerning its obligations to the Funds; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

9. Employer has been consistently late in the payment of contributions to the Funds. Employer failed to submit contribution reports for April, May, June 2018 to the Annual Benefit Fund until August 2018, delaying payment of the benefit.

10. In addition, the Employer continues to provide contribution reports that do not comply with the reporting requirements. The contribution checks submitted were provided by pay period. The monthly contribution reports submitted do not indicate whether they are reporting the total by month, i.e. May 1 - May 31, 2018 or by or by pay period, i.e., April 30, 2018 to May 28, 2018. In addition, the Employer has two or three entries for most employees on the report, instead of one consolidated amount of hours worked in the month. The Funds should not have to manually add the hours worked for an employee on each report to determine the total submitted for each employee. Employer has listed multiple contribution rates on reports where the Labor Contract lists only one contribution rate for each Fund.

11. The problem with the contribution reports arose when the Employer received the GSA Pennsylvania Contract. Employer has other collective bargaining agreements with the ITPEU for other military bases where monthly contributions are submitted with contribution reports that comply with the Funds' reporting requirements. The Funds are perplex that after several attempts to resolve the issue, the Employer refuses to provide contribution reports that are compliant for the GSA Pennsylvania site.

12. Employer is delinquent in the payment of contributions to the Pension Fund for the period from January 26, 2018 to March 22, 2018. At the same time, there is an overpayment to the

4

Welfare Fund. The Plaintiffs cannot accurately determine the crediting of contributions with the contribution reports provided by Employer without an audit. The Funds are only requesting that the contribution reports comply with industry standards. The Funds have been unsuccessful in their attempts to amicably resolve the issues relating to the contribution reports.

**COUNT I**

**AUDIT**

13. The allegations of Paragraph 1 through 12 are incorporated by reference as if fully restated.

14. The Employer is obligated to permit the Funds to audit the Employer's records and to cooperate in determining the contributions due the Funds.

15. The amount of contributions the Employer is required to pay to the Funds is based upon hours worked and wages paid to employees performing work covered by the Labor Contract.

16. The Funds are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Employer. In addition, due to the insufficiencies in the contribution reports submitted, the Funds cannot properly enter benefit eligibility information or pension credits into their computer systems.

17. Computation of the precise amount of an Employer's contributions and/or delinquency is normally achieved by an audit of the Employer's books and records and/or calculated from contractually required remittance reports submitted by the Employer.

18. The Employer is required by the Labor Contract, Trust Agreements or applicable law to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds.

19. The Funds have no adequate remedy at law for the calculation of any damages suffered as a result of the Employer's failure to cooperate.

20. All conditions precedent to equitable relief have been satisfied.

WHEREFORE, Plaintiffs ask that the Court:

(a) Enjoin the Employer, the Employer's officers, agents, servants, employees, attorneys and all others in active concert or participation with it to permit an audit of all records under the actual or constructive control of the Employer and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and;

(b) Grant such other or further relief, legal or equitable, as is just, necessary or appropriate.

## COUNT II

### CONTRIBUTIONS UNDER CONTRACT AFTER AUDIT

21. The allegations of Paragraph 1 through 20 are incorporated by reference as if fully restated.

22. On information and belief, the Employer has failed to make contributions to the Funds as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

23. On information and belief, the Funds have been damaged by the failure of the Employer to make contributions as required by its Labor Contract or Trust Agreements and the failure to submit adequate contribution reports.

6

WHEREFORE, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against the Employer in favor of the Funds for the amount of contributions found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys' fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate, including the requirement for the Employer to submit contribution reports in compliance with industry standards.

## COUNT III

### CONTRIBUTIONS UNDER ERISA AFTER AUDIT

24. The allegations of Paragraph 1 through 23 are incorporated by reference as if fully restated.

25. On information and belief, the Employer has failed to make contributions to the Funds in violation of 29 U.S.C. § 1145 in a period not barred by an applicable statute of limitations or similar bar.

26. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Employer's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Employer.

27. On information and belief, the Funds have been damaged by the Employer's violation of 29 U.S.C. §1145.

WHEREFORE, Plaintiffs ask that the Court:

(a) After an audit, enter judgment against the Employer in favor of the Funds for contributions found due and owing by the audit, together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the plan document or statute and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(b) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

FREEDMAN AND LORRY, P.C.

BY: _____
SUSAN A. MURRAY, ESQUIRE
Attorneys for Plaintiffs

Date: August 16, 2018